**FILED & ENTERED**

NOV 16 2018

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Larissa Anatolia Kenney<br><br><br><br><br>Debtor(s). | Case No.: 1:10-bk-11635-GM<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION TO AVOID LIEN UNDER 11 USC §522(f) WITH AMERICAN EXPRESS BANK, FSB IN THAT NO LIEN CAN ATTACH** |

Larissa Kenney ("Debtor") filed this voluntary chapter 7 bankruptcy on February 15, 2010. A discharge was entered on June 7, 2010 and the case was closed on June 15, 2010. Debtor brought a motion to reopen this case on September 14, 2018 (Doc. No. 16) for purposes of filing a lien avoidance motion against American Express Bank, FRB ("Creditor"). The motion to reopen was granted on October 1, 2018. (Doc. No. 18)  Debtor then filed the instant Motion to Avoid Lien under 11 U.S.C. § 522(f) (the "Motion"). (Doc No. 21)  The proof of service of the motion does not indicate that American Express Bank was served, but given the law as set forth below, this lack of service is not critical to the decision of the Court.  The Court will serve them with a copy of this ruling.

Debtor attached as Exhibit 1 to the Motion an Abstract of Judgment—Civil and Small Claims by Omni Bank against Debtor on December 7, 2012. The abstract of judgment was recorded in Los Angeles County on September 9, 2009.

Under California law, recordation of an abstract of money judgment with a county recorder's office creates a lien against any property in the county in which the abstract of judgment is recorded. C.C.P. 397.340(a). The lien also attaches to any property in the county in which the abstract of judgment was recorded acquired after the judgment lien was created. C.C.P. 397.340(b). Such a lien continues for 10 years from the date of the entry of judgment.

Debtor at no point owned property to which the abstract of judgment could attach, but now appears to be seeking financing to purchase a home. This case raises the issue of whether an abstract of judgment recorded before debtor filed bankruptcy, which never attached to any property, could become a lien on any property acquired after the debt is discharged in bankruptcy. The issue has been considered previously by a bankruptcy court in the Eastern District of California. In re Thomas, 102 B.R. 199 (Bankr. E.D. Cal. 1989). The facts in Thomas are very similar to the facts here. In Thomas, the creditor obtained a judgment against the debtors and recorded an abstract of judgment thereon in Sutter County. Id. at 200. The debtors subsequently filed chapter 7 bankruptcy and received a discharge. Id. The debtors never owned any property in Sutter County prior to the bankruptcy, and the judgment was discharged. Id. Post-bankruptcy, debtors purchased a home in Sutter County. Id. The Thomas court was faced with the question of whether creditor had a valid lien against the proceeds of a sale of the property. The creditor argued that it had a valid lien on debtors' after acquired property which had neither been discharged nor avoided under the bankruptcy code. Id. The creditor argued further that, while it was enjoined by the discharge injunction from enforcing the lien, it was not required to release the debtors from the lien absent an order of the bankruptcy court. Id. at 200-01. The Thomas court rejected creditor's argument, stating that the argument was "based upon the false premise that a 'lien' actually exists." Id. at 201.

The California courts have long recognized the maxim that a lien cannot survive (much less be created in the first place) absent the existence of an enforceable

underlying obligation. (Gostin v. State Farm Insurance Co., 224 Cal.App.2d 319, 325, 36 Cal.Rptr. 596 (citing East Bay Municipal Utility District v. Garrision, 191 Cal. 680, 692, 218 P. 43; Pacific Finance Corporation v. Hendley, 119 Cal.App. 697, 704, 7 P.2d 391)). Furthermore, as was noted above, a lien cannot exist in the absence of an underlying attachable "res".

Id. at 201. Based upon its analysis, the court ordered that the lien was void and expunged of the record. Id. at 202. The Thomas court noted that this result is consistent with the definition of "lien" under the California Code of Civil Procedure: "[a] lien is a charge imposed upon <u>specific property</u>, by which it is made security for the performance of an act." C.C.P. § 1180 (emphasis added).

The conclusion reached by the Thomas court has been cited favorably in similar situations:

> The parties do not dispute that IFS owned no real property in Los Angeles County on the date of recordation. IFS still owns no real property. Moreover, under California law a lien cannot exist absent attachable property. . . . Here, IFS did not own any real property in Los Angeles County on the date of recordation or at any time from that date through the petition date. IFS still owns no real property. Thus, DC Media's recordation of the abstract of judgment did not create or perfect a lien, or otherwise affect IFS' property or an interest in IFS' real property—because IFS owned no real property.

In re Imagine Fulfillment Servs., LLC, 489 B.R. 136, 152–53 (Bankr. C.D. Cal. 2013). See In re Baker, 217 B.R. 609, 613 (Bankr. N.D. Cal. 1998) ("This Court views the *Thomas* court's logic as unassailable. . . . For a lien to exist, both the property and the obligation must exist at the same time. A lien may not 'survive' bankruptcy unless it first exists.")

A debtor may avoid a lien under 522(f)(1)(A) if: "(1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would

have been entitled; and (3) such lien is a judicial lien." <u>In re Pederson</u>, 230 B.R. 158, 160 (B.A.P. 9th Cir. 1999).

Because there is no valid lien to be avoided, Debtor is not entitled to the protections of 522(f). The Court recognizes that Debtor is trying to ensure that no encumbrance results from a pre-petition recorded abstract of judgment; such a result would have the absurd consequence of creating an unenforceable lien on property acquired post-petition, but only in the specific counties which the creditor recorded the abstract of judgment. Addressing a similar dilemma, an Idaho bankruptcy court offered the following:

> Thus, while the Code provides no mechanism for the Court to preemptively order that no lien for a prepetition debt ever attach to Debtors' after-acquired property, such an order appears unnecessary. In this case, there are no judgment liens because there is no real property; Debtors' personal liability has been discharged, and future efforts to collect on the judgments are prohibited by the discharge injunction. Should a creditor make such collection efforts against after-acquired property, that creditor could be subject to sanctions. *Zilog, Inc. v. Corning (In re Zilog, Inc.),* 450 F.3d 996, 1007 (9th Cir.2006).

<u>In re Davis</u>, No. 07-00622, 2007 WL 2710403, at *3 (Bankr. D. Idaho Sept. 13, 2007).

For the foregoing reasons, the Motion is DENIED.

###

Date: November 16, 2018

Geraldine Mund
United States Bankruptcy Judge